IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUANE LUSE,

                     Plaintiff,

       v.

STATE OF WISCONSIN,
JUDGE O'MELIA,
WISCONSIN STATE TROOPER STEVEN DETIENE,
DISTRICT ATTORNEY STEVEN MICHLIG,
SAINT MARYS HOSPITAL,
DANIELLE STROBEL,
ONEIDA COUNTY SHERIFF DEPARTMENT and
ONEIDA COUNTY SHERIFF SERGEANT GARDNER,

                     Defendants.

OPINION AND ORDER

14-cv-297-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUANE LUSE,

                     Plaintiff,

       v.

ERIC WEGE, ERIC LOSEE,
DAN GANNON, DAWN SUZA,
PATRICIA BAACKE, MICKEY McMCASH,
ONIEDA COUNTY JAIL, PATRIC O'MELIA,
WISCONSIN DEPARTMENT OF CORRECTIONS,
MS. DERUS and MS. HANSON,

                     Defendants.

OPINION AND ORDER

14-cv-298-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

Pro se plaintiff Duane Luse has filed two proposed complaints under 42 U.S.C. § 1983.  In case no. 14-cv-297-bbc, plaintiff contends that (1) he was subjected to an unreasonable search and seizure when his blood was drawn for prosecutorial purposes without his consent and without a warrant and (2) he was arrested without receiving Miranda warnings.  In case no. 14-cv-298-bbc, plaintiff contends that (1) he was kidnapped, falsely imprisoned and denied due process when he was ordered to complete mandatory rehabilitation as a condition of his criminal sentence and (2) the county jail did not pay for his medical care.  Plaintiff is proceeding in forma pauperis, so I must screen his complaints under 28 U.S.C. § 1915.  Because the complaints present many of the same problems, I have screened them together.  From the screening, I conclude that plaintiff has not alleged sufficient facts to allow him to proceed on any of his claims.  I will give him an opportunity to amend his complaint in case no. 14-cv-297-bbc to allege all facts necessary to state his claims related to the allegedly illegal blood draw and Miranda violation.

Plaintiff makes the following allegations of fact in his complaints.


ALLEGATIONS OF FACT

A.  Case No. 14-cv-297-bbc

On December 22, 2010, defendants Steven Detiene and Sergeant Gardner of the Oneida County Sheriff's Department ordered a blood draw on plaintiff Duane Luse.  Plaintiff did not consent to the blood draw; no warrant for the blood draw issued; and the blood draw occurred during a time of day when courts were in session.  Defendant Danielle

2

Strobbel, a lab technician at Saint Mary's Hospital, "treated" plaintiff.  (I gather that she conducted the blood draw although plaintiff does not say so explicitly.)   Plaintiff was arrested by an Officer Detiene, who did not read <u>Miranda</u> warnings to plaintiff before his arrest.  (It is not clear from plaintiff's complaint whether the arrest happened before or after the blood draw, but he describes the arrest after he describes the blood draw.)  Defendant Judge O'Melia and defendant District Attorney Steven Michlig disregarded these facts when handling plaintiff's case.   (Plaintiff does not explain in what way either defendant mishandled his case or at what stage the alleged mishandling occurred.)

With respect to these incidents, plaintiff asks "the court to rule that all warr[a]ntless, and non-consen[s]ual blooddraws be a violation of the constit[u]tions of the U[.]S. and the State of WI. and be declared that they are violation[s] of human rights g[ua]ranteed by the constitutions of both."  Plt.'s Cpt., 14-cv-297-bbc, dkt. #1, at 5.  He also asks the court to drop or expunge all charges under "OWI, DUI, and OUI" laws.  Finally, he asks for restitution of costs associated with the charges and for money damages related to the charges and their punishments.

## B.  <u>Case No. 14-cv-298-bbc</u>

Judge O'Melia and defendant Oneida County jail "imposed" the requirement of "rehabilitation" as part of plaintiff's sentence of extended supervision.  (Plaintiff does not explain how the jail was involved in imposing his sentence.)  In addition, it appears that plaintiff is alleging that Oneida County jail failed to pay for his medicine or medical

treatment when he says that "medical and medications are to paid by [Oneida County jail] while operating as a correctional institution, holding prisoners, under their care." Plt.'s Cpt., 14-cv-298-bbc, dkt. #1, at 4. (It is not clear whether or when plaintiff was in jail or whether his concern is with the costs of the rehabilitation program rather than with costs incurred in jail.)

With respect to these claims, plaintiff asks "the court to issue an injunction to stop violations of State and Federal laws by the Wisconsin Department of Correction." Id. at 5. He also asks that the Oneida County jail pay for his "medical, medicines and transportation costs that occur[r]ed and continue, while in their custody." Id. Specifically, he would like "Ms. Derus" and "Ms. Hanson" to reimburse him for "when they with held [his] state pay" while he was at the Jackson Correctional Institution. (Plaintiff does not otherwise explain the basis for this request for relief and he does not make any other reference to the Jackson Correctional Institution.) He would like the court to criminally charge the Department of Corrections with kidnapping, false imprisonment and double jeopardy. He also seeks money damages from the Department of Corrections.

OPINION

A. Case No. 14-cv-297-bbc

1. Blood draw

Plaintiff argues the drawing of his blood ordered by police officers violated his rights to be free from unreasonable searches and seizures under the Fourth Amendment to the

4

United States Constitution.  Although plaintiff does not explain the reason for his blood draw, it appears from his other allegations that his blood was drawn because the arresting officer suspected he was intoxicated.  Blood draws ordered by police officers qualify as "searches" under the Fourth Amendment, which means they may occur only with consent, a warrant or probable cause and exigent circumstances.  Missouri v. McNeely, 133 S. Ct. 1552, 1563 (2013).  In this case, plaintiff alleges that he did not consent to the blood draw and that no warrant was issued for it.  With respect to exigent circumstances, the United States Supreme Court has held that the "natural dissipation of alcohol in the blood may support a finding of exigency in a specific case . . . [but] it does not do so categorically."  Id.  Thus, plaintiff's possible intoxication could not have been an exigent circumstance on its own, and I cannot infer from plaintiff's complaint that exigent circumstances existed otherwise.

Nevertheless, this conclusion does not end the inquiry.  Under 28 U.S.C. § 1915, I must determine whether plaintiff seeks to recover damages from defendants who are immune from suit.  In this case, qualified immunity insulates the police officers and other governmental actors who participated in plaintiff's blood draw.  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Before April 2013, when the United States Supreme Court decided Missouri v. McNeely,133 S. Ct. 1552 (2013), the

Wisconsin Supreme Court had held that the dissipation of one's blood alcohol level over time constituted an exigent circumstance in and of itself, justifying blood draws.  State v. Bohling, 173 Wis. 2d 529, 533, 494 N.W.2d 399 (1993).  Thus, government actors who participated in blood draws for which the only exigent circumstance was intoxication were *not* violating clearly established law before Missouri v. McNeely abrogated State v. Bohling. Therefore, plaintiff cannot maintain his suit for damages on this ground.

Plaintiff could still sue for injunctive relief instead of damages, but he has not identified any injunctive relief that is available to him.  He has asked for a declaration that "all warr[a]ntless, and non-consen[s]ual blooddraw be a violation of the constitu[]tions of the U[.]S. and the state of WI. and be declared that they are a violation of human rights g[ua]ranteed by the constitutions of both," Plt.'s Cpt., 14-cv-297-bbc, dkt. #1, at 5.  In addition, he has asked for the expungement of charges for those charged or convicted as felons under "OWI, DUI and OUI" and that they "be given back their rights."  Id.  This relief is unavailable to plaintiff for three reasons.

First, he does not have standing to seek relief for third parties.  Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) ("a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'") (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  Second, to the extent he is seeking relief for his own charges, doing so would violate Heck v. Humphrey, 512 U.S. 477, 487 (1994), which holds that plaintiffs may not sue under § 1983 to invalidate a conviction or sentence, unless that conviction or sentence has been reversed, expunged or declared invalid.  Third,

prospective relief ordering defendants not to conduct warrantless, unconsented blood draws without exigent circumstances cannot be awarded because it is too speculative.  City of Los Angeles v. Lyons, 461 U.S. 95, 105-06 (1983).

I am unaware of any injunctive relief that is available to plaintiff as a result of his blood draw.  Nevertheless, it is conceivable that plaintiff knows of some available relief, so I will give him the opportunity to amend his complaint to request injunctive relief that is available to him and directly related to his blood draw.  Plaintiff should note that injunctive relief means telling the state or municipal actors to do or not do some action and does not include money damages.  If plaintiff chooses to amend his complaint, he must replace his original complaint completely.  This means that plaintiff must list in the amended complaint all defendants he intends to sue and allege all facts necessary to state his claims.

## 2. *Miranda* warnings

Plaintiff says that his rights under the Fifth Amendment of the United States Constitution were violated when Officer Dutiene failed to read him "Miranda" rights.  Plaintiff is referring to Miranda v. Arizona, 384 U.S. 436 (1966), in which the Supreme Court held that before police officers interrogate a suspect in custody, they must warn the suspect of his right to remain silent and his right to an attorney.  However, a Miranda violation provides a basis for § 1983 liability only when the suspect's statements are used against him in a criminal case.  Sornberger v. City of Knoxville, 434 F.3d 1006, 1024 (7th Cir.2006) (citing Chavez v. Martinez, 538 U.S. 760, 778 (2003)).  Although plaintiff says

that the judge and district attorney disregarded the fact that he had not been read <u>Miranda</u> warnings, he does not allege that any of his statements were used against him in a criminal prosecution.  Thus, I am dismissing his claim, but, again, I will give him an opportunity to amend his complaint to allege additional facts.  If plaintiff's statements were used against him when he was arraigned, tried or sentenced, he may amend his complaint to say so.  I remind plaintiff that if he chooses to amend his complaint, he must replace his original complaint so that the amended complaint lists all defendants and alleges all necessary facts.

3.  <u>Improper parties</u>

Because I am allowing plaintiff to amend his complaint, I also note that he has named numerous defendants who are immune from suit.  Judge O'Melia has absolute immunity from suit for his judicial acts, which include presiding over arraignments, accepting pleas and ruling on evidence.  <u>Pierson v. Ray</u>, 386 U.S. 547, 553 (1967); <u>John v. Barron</u>, 897 F.2d 1387, 1392 (7th Cir. 1990) ("a judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.").  District Attorney Steven Michlig is also absolutely immune from suit with regard to his prosecutorial acts, which include charging suspects and arguing for the admission of evidence.   <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993) (the U.S. Supreme Court has "held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial.").  Furthermore, the state of Wisconsin is immune from suit in federal court under the Eleventh Amendment to the United States

8

Constitution.  <u>Regents of the University of California v. Doe</u>, 519 U.S. 425, 429 (1997).

Finally, plaintiff has not explained any reason why he could sue Saint Mary's Hospital in a

§ 1983 suit, which may proceed against only those who act "under the color of state law."

<u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982).   If plaintiff chooses to amend his

complaint, he should note the immunity of defendants O'Melia, Michlig and the State of

Wisconsin and he should explain why suit against Saint Mary's Hospital is appropriate.


B.  <u>Case No. 14-cv-298-bbc</u>

1.  <u>Mandatory rehabilitation</u>

Plaintiff argues that the "rehabilitation" he was ordered to complete as a condition

of his extended supervision violates various state laws and the United States Constitution,

but the mere imposition of treatment programs as a condition of probation or parole is not

unconstitutional, <u>Grennier v. Frank</u>, 453 F.3d 442, 445 (7th Cir. 2006) ("Parole officials

who become more concerned with public safety—and who act on that concern by insisting

that prisoners complete sex-offender treatment programs before release—do not violate the

Constitution.") (citing <u>McKune v. Lile</u>, 536 U.S. 24 (2002)).  <u>See also</u> <u>Fazzini v. U.S. Parole</u>

<u>Commission</u>, 263 F. App'x 483, 486 (7th Cir. 2008) ("Given the evidence of [petitioner's]

difficulties with alcohol, we agree with the district court that the [Parole] Commission's

requirement of alcohol aftercare is reasonable.").  Furthermore, plaintiff cannot proceed on

this claim because it attacks the invalidity of a condition of his confinement, something he

may not challenge in a § 1983 action.  <u>Williams v. Wisconsin</u>, 336 F.3d 576, 579-80 (7th

Cir. 2003) ("Attacks on the fact or duration of the confinement come under § 2254 [the statute on habeas corpus petitions] . . . .  For parolees, the question is more metaphysical, because the 'conditions' of parole are the confinement.") (citations omitted).  For these reasons, plaintiff has failed to state a claim upon which relief may be granted, so I will deny him leave to proceed on this claim.

2.  Medical care payment

It is unclear whether plaintiff seeks reimbursements for "medical, medicines and transportation costs," Plt.'s Cpt., 14-cv-298-bbc, dkt. #1, at 5, incurred while he was in the "rehabilitation" he was ordered to complete as a condition of his supervision.  He may be referred to costs incurred during a stay in county jail.  (He does not explain whether he stayed in county jail and, if so, when that was.)  In either case, plaintiff is not entitled to relief.  To the extent he is arguing that fees imposed as a condition of his probation or parole were illegal or unconstitutional, he is once again barred by Heck v. Humphrey from doing so.  Williams, 336 F.3d at 579-80.

If plaintiff is arguing that a county jail should not have charged him for medical care, he is wrong:  jails and prisons may charge inmates a co-pay for their medical care and related expenses, so long as those institutions do not deny medical care to prisoners who lack the ability to pay.  Poole v. Isaacs, 703 F.3d 1024, 1026 (7th Cir. 2012) ("[T]he Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care.").  Because plaintiff does not

allege he was denied care (in fact, he appears to allege the opposite, that he was subjected to mandatory care), he has failed to state a claim and will not be allowed to proceed.

3.  Requests for relief

Finally, I note that plaintiff's requests for relief are all unavailable to him.  He asks the court to enjoin defendants from violating the law, but this prospective relief is too speculative under Lyons, 461 U.S. at 105-06.  Further, plaintiff asks the court to criminally charge the Department of Corrections.  Federal courts do not have the authority to initiate criminal prosecutions, United States v. Batchelder, 442 U.S. 114, 124 (1979), and, even if they did, the Department of Corrections is immune from suit.  Billman v. Indiana Department of Corrections, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit under Eleventh Amendment to the Constitution).  Plaintiff asks for reimbursement from "Ms. Derus" and "Ms. Hanson" for withholding his state pay" during his stay in the Jackson Correctional Institution.  Plt.'s Cpt., 14-cv-298-bbc, dkt. #1, at 6.  Plaintiff does not explain the basis for this request or how it might be connected to any of the claims in the body of his complaint.  Accordingly, I am disregarding this request for relief.

ORDER

IT IS ORDERED that

1.  Plaintiff Duane Luse is DENIED leave to proceed on all claims in his complaints,

14-cv-297-bbc, dkt. #1; 14-cv-298-bbc, dkt. #1.

2.  Plaintiff's complaint in case no. 14-cv-298-bbc is DISMISSED.  The clerk of court is directed to close this case.

3.  With respect to plaintiff's claims for (1) unreasonable search and seizure for the blood draw and (2) the <u>Miranda</u> violation, as set forth in plaintiff's complaint in case no. 14-cv-297-bbc, he may have until July 8, 2014 to amend his complaint to allege facts that state these claims sufficiently.  If plaintiff fails to respond by that date, his complaint will be dismissed and the clerk of court will be directed to close the case.

Entered this 18th day of June, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge