IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUANE LUSE,

                                                                    ORDER

                Plaintiff,

                                                              14-cv-297-bbc

     v.

STATE OF WISCONSIN,
JUDGE O'MELIA,
WISCONSIN STATE TROOPER STEVEN DETIENE,
DISTRICT ATTORNEY STEVEN MICHLIG,
SAINT MARYS HOSPITAL,
DANIELLE STROBEL,
ONEIDA COUNTY SHERIFF DEPARTMENT and
ONEIDA COUNTY SHERIFF SERGEANT GARDNER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated June 18, 2014, I denied pro se plaintiff Duane Luse leave to proceed on his claims that (1) he was subject to an unreasonable search and seizure under the Fourth Amendment when his blood was drawn for prosecutorial purposes without his consent and without a warrant and (2) he was arrested without receiving Miranda warnings. With respect to his Fourth Amendment claim, I concluded that defendants would be immune from paying damages under the doctrine of qualified immunity and plaintiff had not identified any injunctive relief that he could obtain. I gave plaintiff an opportunity to respond to the order to request injunctive relief that is available to him. With respect to plaintiff's Miranda claim, I concluded that he failed to allege sufficient facts because he did

1

not allege that the statements he made without Miranda warnings were used against him in a criminal case. Sornberger v. City of Knoxville, 434 F.3d 1006, 1024 (7th Cir.2006) (citing Chavez v. Martinez, 538 U.S. 760, 778 (2003)). I gave plaintiff an opportunity to amend his complaint to allege these facts.

Plaintiff has filed an amended complaint, dkt. #8, but he has not corrected either problem identified by the court. He has not requested any new injunctive relief with respect to his claim under the Fourth Amendment, so I am dismissing this claim. In addition, plaintiff's amended complaint does not mention his Miranda claim at all. In a letter he filed with the court, dkt. #9, he asks whether the use of "squad car video transcripts, and Aud[i]o transcripts . . . to influence the outcome of [his] case" was "a violation of [his] rights." Dkt. #9, at 1. Even if I construe this question as a factual allegation that supplements plaintiff's complaint, he has failed to state a claim. Plaintiff still has not identified any *statements* he made that were used against him, as required for a Miranda claim. Sornberger, 434 F.3d at 1024. See also United States v. Hubbell, 530 U.S. 27, 34 (2000) ("The word 'witness' in the constitutional text limits the relevant category of compelled incriminating communications to those that are 'testimonial' in character."). Furthermore, his allegation that the transcripts "influenced" his case is too vague to show that they were "used against" him. Sornberger, 434 F.3d at 1026. Therefore, plaintiff has not alleged facts necessary to state his Miranda claim, so it will be dismissed as well.

ORDER

IT IS ORDERED that plaintiff Duane Luse's amended complaint, dkt. #8, is DISMISSED. The clerk of court is directed to close this case.

Entered this 4th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge